IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| AZTEC OIL & GAS, INC. and | § | Case No. 16-31895-H2-11 |
| AZTEC ENERGY, LLC | § § | |
| Debtors | § | Jointly Administered |

### AZTEC DIRECTORS' MOTION FOR COMFORT ORDER TO ALLOW PAYMENT OF <u>DEFENSE COSTS UNDER D&O POLICY</u>

THIS APPLICATION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE APPLICATION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE APPLICATION AT THE HEARING. IF A PARTY REQUESTS EMERGENCY CONSIDERATION, THE COURT MAY ACT EXPEDITIOUSLY ON THE MATTER. IF THE COURT ALLOWS A SHORTER RESPONSE THAN TWENTY-ONE (21) DAYS, YOU MUST RESPOND WITHIN THAT TIME. IF THE COURT SETS AN EMERGENCY HEARING BEFORE THE RESPONSE TIME WILL EXPIRE, ONLY ATTENDANCE AT THE HEARING IS NECESSARY TO RESERVE YOUR RIGHTS. IF AN EMERGENCY HEARING IS NOT SET, YOU MUST RESPOND BEFORE THE RESPONSE TIME EXPIRES.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

Jeremy Driver, Dr. Kenneth Lehrer and Mark Vance, current members of the Board of Directors of the corporate Debtor Aztec Oil & Gas, Inc. ("Aztec Directors"), respectfully move for an order allowing payment of Movants' incurred defense costs under the Directors' and Officers' and Corporate Liability Insurance Policy # 18011382 (the "Policy") issued by Berkley Insurance Company ("Berkley").

Pursuant to Insuring Agreement Coverage A, Berkley agreed to "pay the **Loss** of the Insured Persons arising from any Claim first made against the Insured Persons during the **Policy Period** . . . for actual or alleged **Wrongful Acts,** except and to the extent that **Company** has indemnified the **Insured Persons**." Definition T of the Policy, at page 4 of 10, defines "**Wrongful Act**" to include, "with respect to the **Insured Persons**, any actual or alleged breach of duty, neglect, error, misstatement, misleading statement, omission [or] act . . . by the **Insured Persons**" in their respective capacities as such."

The Declarations Page of the Policy provides an aggregate limit of liability, inclusive of **Defense Costs** in the sum of $1,000,000. With respect to Coverage A for the directors themselves, the Declaration Page provides for a $0 retention for each **Claim.**

B. **The Claims**

The Aztec Directors are undeniably **Insured Persons** under Coverage A. As noted, the Fisher Defendants have asserted claims against the Aztec Directors in Adversary Proceeding No. 16-03107 for alleged breach of duty, fraud, and contribution with respect to allegations of breach of duty. At a hearing that was held on November 21, 2016, this Court ruled from the bench that the fraud and contribution claims would be dismissed. An Order reflecting the Court's ruling has not yet been submitted to or entered by the Court. Nevertheless, the remaining third party claims for breach of fiduciary duty and aiding and abetting breach of fiduciary duty are claims that are **Claims** for **Wrongful Acts** within Coverage A. Debtor has not indemnified the Aztec Directors for any of their costs of defending the claims in the adversary. Accordingly, the Aztec Directors are entitled under the Policy to have Berkley pay their costs of defending these claims in that Adversary Proceeding, including the costs of any appeal.

As the Policy's insurer, Berkley agrees that the Aztec Directors are entitled to have these defense costs paid under the terms of the Policy. Berkley stands ready to pay those Defense Costs upon this Court's issuance of a "comfort order" declaring that such payments are not prohibited by the Bankruptcy Code.

## II. ARGUMENT

The Aztec Directors respectfully submit that there is no reason not to grant the requested "comfort order" so that Berkley can pay their costs of defending the claims in the Adversary Proceeding in compliance with the Policy. In short, nothing in the Bankruptcy Code prevents such a payment because policy proceeds payable to defray the Aztec Directors' defense costs are not property of the estate. Accordingly, the automatic stay does not prohibit the Aztec Directors from collecting, or Berkley from paying, those defense costs.

"The central question when determining whether insurance proceeds associated with a policy are property of the bankruptcy estate is whether, in the absence of the bankruptcy proceeding, the proceeds of the policy would belong to [the] debtor when the insurer pays a claim." *In re Equinox Oil Co.*, 300 F.3d 614, 618 (5th Cir. 2002). "In other words, when the debtor has no legally cognizable claim to the insurance proceeds, those proceeds are not property of the estate." *Id.* at 619, quoting *In re Edgeworth*, 993 F.2d 51, 55-56 (5th Cir. 1993).

Aztec has no legally cognizable claim to Berkey Policy proceeds paid to defray the defense costs of the Aztec Directors. Accordingly, payments to the Aztec Directors pursuant to Coverage A of the Berkley policy would not be property of the estate. *See In re Allied Digital Techs. Corp.*, 306 Bankr. Rep. 505, 512 (Bankr. D. Del. 2004); *accord, In re Petters*, 419 Bankr. Rep. 369, 376 (D. Minn. 2009).

This analysis is confirmed by the Fifth Circuit's ruling in *In re Babcock & Wilcox Co.*, 69 FED. APPX. 659 (5th Cir. 2003). There, an insurance policy provided for payment, not to the Debtor, but to injured parties "on behalf of" different corporations who were "additional insureds" under the policy. "Because the proceeds will not flow directly to the debtor (B & W), we conclude that, under our reasoning in *Equinox,* the proceeds of the policies are not property of B & W's bankruptcy estate." *Id.* at *1.

Berkley nevertheless will not pay the Aztec Directors' defense costs in compliance with the policy absent issuance of a "comfort" order by this Court. The Aztec Directors therefore respectfully request that the Court issue the attached order providing comfort to Berkley and the Aztec Directors that payment of the Aztec Directors' defense costs will not violate the Bankruptcy Code.

**Respectfully submitted,**

**BECK | REDDEN LLP**

/s/ *Alistair Dawson*
    Alistair B. Dawson
    Federal I.D. No. 12864
    Robert David "B.D." Daniel
    Federal I.D. No. 1394
1221 McKinney St., Suite 4500
Houston, TX 77010-2010
Telephone:(713) 951.3700
Facsimile: (713) 951.3720
Email: adawson@beckredden.com
       bddaniel@beckredden.com

**COUNSEL FOR THIRD PARTY DEFENDANTS JEREMY DRIVER, DR. KENNETH LEHRER AND MARK VANCE**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the above and foregoing has been served on all counsel of record on this the 23rd day of November, 2016, via electronic filing.

/s/ Alistair Dawson
**ALISTAIR B. DAWSON**